UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Thomas E. DuPree, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-0768-B |
| | § | ECF |
| William Kaye, et al., | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Thomas E. Dupree, Jr.'s Motion for Leave to Appeal (doc. 2). For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

In 2003, Avado Brands, Inc. ("Avado") requested that Defendant Thomas E. DuPree, Jr. ("DuPree"), its former Chief Executive Officer, Chairman of the Board, and Director resign. (Dupree's Motion for Leave to Appeal ("Dupree's Mot.") 3). This request resulted in litigation and the execution of a settlement agreement in which Dupree resigned receiving severance payments and the parties signed mutual releases. *Id.* On February 4, 2004, Avado and its affiliates instituted a Chapter 11 bankruptcy proceeding, and on April 26, 2005, the Court confirmed a Modified Joint Plan of Reorganization with Avado's successor, Reorganized Avado, emerging from Chapter 11. Pursuant to this Plan, a litigation trust was created to bring causes of action against Avado's directors and officers, including Dupree. (*Id.* at 3-4). In December 2005, William Kaye, the Trustee of the

1

litigation trust brought an adversary complaint asserting the following claims: (1) avoidance of preference payments made to Dupree, (2) avoidance of the settlement agreement as a fraudulent conveyance, (3) breach of fiduciary duty based on loans made to DuPree and corporate waste, (4) contributing to the alleged deepening insolvency of Avado, and (5) common law fraud arising out of alleged misrepresentations concerning the loans to DuPree. (*Id.* at 4; Pl.'s Mem. in Opp'n 3). DuPree filed a motion to dismiss these claims on the following grounds:

> (1) under the Plan the Trustee does not have the right (standing) to avoid any transfers to DuPree; (2) the Settlement Agreement released the Avoidance Claims and the fiduciary duty claims; (3) the Bankruptcy Court lacks subject matter jurisdiction over the non-core fiduciary duty and fraud claims because any determination would not further the implementation of the Plan and does not affect the administration of Avado's bankruptcy case; (4) the fraud claim is barred by the applicable statute of limitations; (5) the Trustee failed to plead all the elements of fraud or plead the elements with particularity; and (6) neither Georgia nor Texas law recognizes a claim for "deepening insolvency."

(Dupree's Mot. 4). The Bankruptcy Court denied the motion with regard to grounds (1)-(5) and granted the motion to dismiss with regard to (6) "deepening insolvency." (DuPree's Mot. 5).

Dupree now requests that this Court grant him leave to appeal the following issues:

- "Does the Bankruptcy Court have subject matter jurisdiction to adjudicate the Trustee's claims raised after the Plan was confirmed?"

- "Does the Trustee have standing under the Plan to avoid Avado's alleged preferences to DuPree?"

- "Are the avoidance and fiduciary duty claims barred by the parties' Settlement and Release Agreement, which was never rejected by the debtors during the pendency of the bankruptcy case?"

- "Is the fraud claim barred by the applicable statute of limitations?"

2

- "Did the Trustee adequately plead fraud?"

(*Id.*).

## II. LEGAL STANDARD

A district court may grant leave to appeal a bankruptcy court's interlocutory order pursuant to 28 U.S.C. § 158(a). *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Interlocutory appeals are disfavored because they "interfere with the overriding goal of the bankruptcy system, expedious resolution of pressing economic difficulties." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). While § 158(a) does not provide a standard for the district court to determine whether interlocutory review is appropriate, most district courts have adopted the standard of 28 U.S.C. § 1292(b) for appealing interlocutory orders from district courts. Id. (citations omitted) (assuming without holding that the § 1292(b) standard applies). Section 1292(b) requires three elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (citation omitted).

The decision to permit an appeal under 1292(b) is firmly within the district court's discretion. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) (instructing that discretion for a § 1292(b) appeal lies "in the first instance in the district court's sound discretion."). The first requirement, a controlling issue of law, generally hinges upon its potential to have some impact on the course of the litigation. At one end of the continuum, courts have found issues to be controlling "if reversal of the district court's opinion would result in the dismissal of the action." *Struogo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566, at * 7 (S.D.N.Y. Aug. 18, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990))

3

(other citations omitted). An issue of law has also been termed controlling where "the certified issue has precedential value for a large number of cases." *Id.* On the other hand, an issue is not seen as controlling if its resolution on appeal "would have little or no effect on subsequent proceedings." John C. Nagel, Note, *Replacing the Crazy Quilt of Interlocutory Appeals Jurisdiction with Discretionary Review*, 44 Duke L.J. 200, 212 (1994); 16 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930 at 424 (2d ed. 1996) [hereinafter WRIGHT & MILLER]. Between the extremes, courts have found the issue of whether an interlocutory appeal involves a controlling question of law to be "closely tied" to the requirement that the appeal will materially advance the ultimate termination of the litigation. WRIGHT & MILLER, *supra*, § 3930 at 432; *see also Nagel*, *supra*, at 212 (courts have turned to the "materially advance" prong of § 1292(b) in deciding whether an issue of law is controlling) (internal citations omitted). In sum, a *controlling* question of law-although not consistently defined-at the very least, means a question of law the resolution of which could materially advance the ultimate termination of the litigation-thereby saving time and expense for the court and the litigants. WRIGHT & MILLER, *supra*, § 3930 at 426 & n.25 (2d ed. 1996 & Supp. 2005) (citing *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000)).

The second element, requiring substantial ground for difference of opinion, has been described as least troubling for district courts. WRIGHT & MILLER, *supra*, § 3930 at 419-20 (district courts "have not been bashful about refusing to find substantial reason to question a ruling of law"). Nonetheless, of all the § 1292(b) criteria, this one is possibly the least predictable in application. Perhaps as one commentary on § 1292(b) recognized over thirty years ago, this is because "[d]egrees of legal doubt escape precise quantification." Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 HARV. L. REV. 607, 623 (1975). That same commentary proposed a

standard "that would require a trial court to believe that a reasonable appellate judge could vote for reversal of the challenged order" before the disagreement would be considered substantial under § 1292(b). *Id.* Consistent with this line of thought, courts have found substantial ground for difference of opinion where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

24 Am. Jur. 2d *Appellate Review* § 123 (2007). But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement. *Id.* Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement. *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). In the end, "substantial" means just that–significantly great. MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1174 (10th ed. 1998). As for the third element, material advancement of the termination of litigation, an appeal that would delay litigation because it does not involve all defendants does not meet this element. *Abundiz v. Explorer Pipeline Co.*, 2002 WL 2030876, at *3 (N.D. Tex. Sept. 3, 2002).

### III. ANALYSIS

The Court will consider the third element of § 1292(b), the material advancement of the ultimate termination of the litigation, because this element disposes of this motion. As Dupree concedes, "the issues DuPree appeals apply only to the claims against DuPree." (DuPree's Reply 3). While some of these issues may resolve Avado's claims against Dupree, this litigation would continue

against the other defendants[1] resulting in delay and would not materially advance the termination of this litigation. *Abundiz v. Explorer Pipeline Co.*, 2002 WL 2030876, at *3 (N.D. Tex. Sept. 3, 2002). As Chief Judge Joe Fish stated in denying a motion for leave to appeal filed by other defendants in this case:

> [F]rom a judicial economy perspective, granting the motion for leave will provide little, if any, benefit. Rather it will keep the bankruptcy proceedings in limbo for an indeterminate period of time. While the court is not unsympathetic to the burdens placed on the appellants through continued litigation, those burdens are insufficient to overcome the general presumption against interlocutory review.

*In re Avado Brands, Inc.*, 2007 WL 2241660, at *1 (N.D. Tex. Aug. 3, 2007). Because Dupree's motion fails on the material advancement of the ultimate termination of the litigation prong, the Court denies the motion on that ground and will not address the other § 1292(b) factors.

## IV. CONCLUSION

For the foregoing reasons, Defendant Thomas E. Dupree, Jr.'s Motion for Leave to Appeal is **DENIED.**


**SO ORDERED**

SIGNED February __4th__, 2008

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**

---

[1]Other defendants in this case filed a motion for leave to appeal the bankruptcy court's order on their motion to dismiss, which was denied on August 3, 2007. *In re Avado Brands, Inc.*, 2007 WL 2241660, at *1 (N.D. Tex. Aug. 3, 2007).